IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MICHAEL WAYNE SHRADER ) | |
|     *Plaintiff* ) | |
| ) | |
| *Vs*. ) | Case No. |
| ) | |
| WARDEN LAUREN ISLE ) | |
| MIKE BOONE ) | |
|     *Defendant(s)* ) | |

# ORIGINAL CIVIL COMPLAINT 42 U.S.C § 1983

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, MR. MICHAEL WAYNE SHRADER, (hereinafter the Plaintiff) by and through the undersigned counsel, MARK J. LIEBERMAN, and files this, *Original Civil Complaint.* Plaintiff brings this civil action against Texas Parks and Wildlife Department, Lauren Isle, and Mike Boone, and Agents and persons, both known and unknown for or in combination with the above-named Texas agencies, (collectively hereinafter "Defendants"), in their individual and official capacities.

Plaintiff alleges as follows:

## I. JURISDICTION OVER THE PARTIES

This action commences pursuant to the provisions of Title 42 U.S.C. § 1983[1], whereas the United States District Court for The Eastern District of Texas has subject matter jurisdiction over all matters of law and equity pertaining to this cause.

## II. VENUE OF THE COURT.

The proper venue of the Court rests within provisions of 28 USC . . §1983(a). In that, the gravamen of this cause is predicated upon officers, employee or departments of the Texas Parks and Wildlife Department, while acting in their official capacity and under color of state law.

## III. ABOUT THE PARTIES

Michael Wayne Shrader is the Plaintiff to this cause. The Plaintiff at all times relevant hereto, was a resident and citizen of Liberty County, Texas.

The following defendants are employees or agents of the Texas Parks and Wildlife Department, where Service can be received by and through the agency and its General Counsel James Murphy and Assistant counsel Todd George, at 4200 Smith School Road, Austin, Texas 78744:

**Lauren Isle (Warden)**

**Mike Boone (Warden)**

## IV. FACTUAL BACKGROUND

Plaintiff is a person whose rights, status, and other relations are affected by Texas State Statutes, as well as, Texas Parks and Wildlife Department Regulations and its Code, including, but not limited to, Plaintiff's right to be secure from unreasonable searches and or intrusions upon his property without warrant or exigent circumstances, under the Fourth Amendment to the Constitution of the United States of America made applicable to the states under the 14th Amendment.

Plaintiff further has a right under the same, to be free from harassment and or intimidation intended by state actors to prevent the communication by Plaintiff to

law enforcement, and more specifically the Office of the Texas Attorney General and persons authorized by federal law to act upon said communication relating to the commission or possible commission of state commercial property development violation(s), federal environmental protection violations, and the concurrently related investigation by the Texas House of Representatives.

The particular statute at issue is 18 USC § 1512(b)(3)(d)(1)(2)(g)(1)(2)[2]

a. [1] Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to--
b. hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation 1 supervised release,, 2 parole, or release pending judicial proceedings;
c. Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from--
d. attending or testifying in an official proceeding;
e. reporting to a law enforcement officer or judge of the United States the commission or possible commission of a Federal offense…
f. In a prosecution for an offense under this section, no state of mind need be proved with respect to the circumstance--

After the devastation caused by the August 17, 2017, events of Hurricane Harvey, the Colony Ridge Development, LLC under the control and management of WILLIAM HENRY HARRIS, III, was placed under Congressional investigation by the TEXAS HOUSE OF REPRESENTATIVES and the OFFICE OF THE TEXAS ATTORNEY GENERAL. The Congressional investigation was premised on the conduct of

SENATOR ROBERT NICHOLS and REPRESENTATIVE ERNEST BAILES who created specific legislation in effort to enrich Colony Ridge Development, LLC., to the detriment of Liberty County, Texas, citizens.

Colony Ridge Develop, LLC., negated Texas building codes and federal environmental laws as it related to, but not limited to, flawed soil permeability analysis or studies; blocking drainage channels; the proper filling of existing drainage channels; failing to adhere to or altering hydrology studies; neglecting to install box culverts; failing to install proper drainage channels and controls; inadequate draining solutions; neglecting to follow industry standard best management practices regarding erosion control.

As a result of actions taken by Colony Ridge Development, LLC., the Plaintiff's home for more than two decades located in Liberty County at 663 County Road 347 S. Cleveland, TX 77327 was damaged due to severe flooding.

The Plaintiff was also a breeder of exotic raccoons to include housing and maintenance of the animals upon the grounds of his property.

Following the flooding episode, Plaintiff initiated corrective liability communications with Colony Ridge Develop, LLC.

Plaintiff further began to aggressively communicate with various Texas State agencies in order to effectuate his resolve with regards to damage liability of Colony Ridge Develop, LLC.

The Plaintiff had not yet made direct contact with persons of the federal government authorized to act in furtherance of Plaintiff's direct communication.

Upon information and belief, and at a time unknown but after Plaintiff had initiated contact with one or more Texas agencies and or officers, William Henry Harrison III., corruptly influenced the defendants to harass and or hinder the Plaintiff from reporting possible commissions of state and federal (EPA) Environmental Protection Agency offenses to persons authorized to act on behalf of the State of Texas or the United States.

Beginning on or about September 17, 2020, Defendant Boone and Isle acting in concert prepared to, and subsequently did seize the Plaintiff's exotic raccoons in furtherance of harassing the Plaintiff as represented in  to the herein Complaint.

On or about April 20, 2021, and in the County of Liberty, Texas, Defendant Boone, while acting alone or with others, or in concert with others, conducted an unlawful trespass and or search upon the Plaintiff's residence to include entering onto marked lands for the purpose to harass the Plaintiff as represented in to the herein Complaint.

## V. DAMAGES

Plaintiff invokes this Court's jurisdiction under 42 U.S.C. § 1983, to award punitive and compensatory damages in the amount of $1,000,000.00 to $5,000,000 resulting from actions of the Defendants, individually, and for, while acting under color of law and more specifically for the Texas Parks and Wildlife Department, Defendants harassed Plaintiff in violation of the laws of the United States at 18 USC§1512(b)(3)(d)(1)(2)(g)(1)(2), in that Defendants harassed and hindered the Plaintiff's communication(s) with the Office of the Texas Attorney General, and or persons authorized by federal law to act upon Plaintiff's communication. To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin County,* 535 F. 3d 365, 373 (5th Cir 2008). The Defendants deprived Plaintiff of his right under the Constitution of the United States to petition his government for redress of grievances pursuant to the First Amendment.

a) [1]Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to-- hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or
b) possible commission of a Federal offense or a violation of conditions of probation  1 supervised release,, 2 parole, or release pending judicial proceedings;
c) Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from  attending or testifying in an official proceeding;

## VI. PRAYER AND DEMAND FOR JURY TRIAL

For all the reasons presented within this Civil Complaint, Plaintiffs through the undersigned attorney demand a trial by jury of all facts in controversy and for Attorney's Fees. Further the Plaintiff prays that this Honorable Court grant punitive damages, and all other relief that this Court determines to be equitable and just.

Respectfully Submitted,

MARK LIEBERMAN
Texas Bar No. 12332520
1704 Pine Hills Lane
Corinth, Texas 76210
(817) 905-3772
Mjc358 @hotmail.com

**Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.**